NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSE HERNANDEZ, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

FEDERAL EXPRESS, *Respondent Employer*,

FEDERAL EXPRESS, *Respondent Insurance Carrier*.

No. 1 CA-IC 22-0013
FILED 11-1-2022

Special Action - Industrial Commission
ICA Claim No.  20180370222
Carrier Claim No. W056497800-0001
The Honorable Rachel C. Morgan, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Jose Hernandez, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Jardine Baker Hickman & Houston P.L.L.C., Phoenix
By Stephen M. Venezia
*Counsel for Respondent Employer and Respondent Insurance Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

¶1        Petitioner Jose Hernandez challenges an award issued by the Industrial Commission of Arizona ("ICA") finding that his left shoulder calcific tendonitis is not the result of an industrial accident. The Administrative Law Judge ("ALJ") heard expert medical testimony from four doctors who all opined that Hernandez's work-related injury did not cause the tendonitis. We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Hernandez injured his left shoulder in January 2018 while working for Federal Express, a self-insured employer. As he closed a sliding door on his delivery van with his left arm, the door jammed and jerked his arm violently. His shoulder began to hurt and gradually worsened. Within a week, he began treatment that included corticosteroid injections and physical therapy. His workers' compensation claim was accepted. The next month, his treating physician, Dr. Kevin Ladin, a physiatrist, told him that he had a left shoulder sprain/strain and that his MRI showed evidence of calcific tendonitis, a degenerative condition. In April 2018, Hernandez consulted Dr. Mark Greenfield, an orthopedic surgeon, who did not find him a candidate for shoulder surgery at that time. Dr. Ladin then discharged Hernandez for reaching maximum medical improvement without permanent impairment for the industrial injury to his shoulder.

¶3        In late 2020, Hernandez, who had continued experiencing pain in his left shoulder, was examined by Dr. Michael Rose, an orthopedic surgeon who determined that Hernandez was a candidate for surgical removal of the calcium deposit in his left shoulder to treat the calcific tendonitis. That surgery was performed by Dr. Rose in January 2021. Dr. Rose explained in his testimony that the large calcium deposit left a small

2

hole in Hernandez's rotator cuff that he repaired during the surgery. He testified that this repair was a routine practice when large calcium deposits were removed.

¶4 Federal Express denied coverage for the surgery by Dr. Rose. Hernandez protested, and a hearing was set before an ALJ. Before the hearing, Dr. David Bailie, an orthopedic surgeon, performed an independent medical examination of Hernandez, concluding that the left shoulder sprain from 2018 had resolved and that the calcific tendonitis present in that same shoulder was unrelated to the work injury.

¶5 The ALJ heard testimony from Hernandez and all four doctors. Hernandez testified that his shoulder had been hurting since the accident. The doctors agreed with one another that Hernandez suffered a shoulder sprain from the accident and that his calcific tendonitis in the left shoulder, which warranted the surgery, is a degenerative disease that was present before the industrial injury and not caused by a traumatic event. Thus, the condition necessitating surgery was not caused by the work injury. No medical expert testified that Hernandez's left shoulder sprain necessitated the surgery performed by Dr. Rose in January 2021. Nor did they connect the calcific tendonitis to the injury at work. The ALJ issued an award finding that Hernandez's calcific tendonitis was not related to the work injury; therefore, the surgery was not covered by workers' compensation. After an administrative review that resulted in a summary affirmance of the decision, Hernandez filed this action.

**DISCUSSION**

¶6 We consider the evidence of record in the light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). Here, the issue is whether the shoulder surgery treated a condition caused by the work injury in January 2018. If the work connection to an injury is not apparent to a non-specialist, expert medical testimony is necessary to prove compensability. *Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19 (1985) ("Unless a causal connection is clearly apparent to a lay person, the relationship must be established by expert medical testimony.").

¶7 To prevail, Hernandez was required to show that the condition for which he had surgery, specifically calcific tendonitis, was a work-related injury. *Dunlap v. Indus. Comm'n*, 90 Ariz. 3, 6 (1961) ("there must be a causal connection between the employment and the injury").

Four experts testified that it was not a work-related injury.  And none of them testified that the tendonitis was causally linked to the work accident.

**¶8**         In his brief, Hernandez argues that his injury in 2018 aggravated the tendonitis.  However, that is a medical statement not supported by the experts who testified.  He also argues that his work for Federal Express, rather than the accident, caused the tendonitis.  That argument contradicts the expert testimony.  The experts testified that calcific tendonitis is a degenerative disease not caused by "repetitive work or strenuous manual labor," but rather by "sedentary type of activity."  In summary, there is no evidence in the record supporting Hernandez's arguments in favor of coverage for the surgery or continuing care for his tendonitis.

## CONCLUSION

**¶9**         We affirm the award of the ICA denying workers' compensation coverage for treatment of Hernandez's calcific tendonitis.



AMY M. WOOD • Clerk of the Court
FILED:   AA